These consolidated appeals arose from separate orders of the Circuit Court of Mobile County granting cross-motions for summary judgment. The defendants appeal from plaintiff's summary judgment as to count one of the complaint (85-63). The plaintiff appeals from summary judgment in favor of the defendants as to count two of the complaint (85-128). We reverse as to count one and affirm as to count two.
The plaintiff, Earline H. Dixon, filed a complaint against Seafarers' Welfare Plan, Local Unit of Seafarers' International Union of North America, and Seafarers' International Union of North America after her claim for benefits and/or insurance proceeds had been denied. The complaint, alleging state common law contract and tort actions, contained two counts. Count one sought recovery for death benefits and/or life insurance proceeds due as a result of the death of James H. Dixon, plaintiff's son. Plaintiff was the designated beneficiary. Count two sought punitive damages for bad faith refusal to pay the claim.
The Seafarers' Welfare Plan ("Welfare Plan" or "Plan") is a multi-employer, labor-management trust fund which is funded solely through employer contributions. The contributions are made pursuant to agreements between various employers and the Seafarers' International Union of North America ("Union"). The Welfare Plan provides medical expense coverage and various benefits, including death benefits, to eligible employees and their dependents and beneficiaries. The Plan is regulated by the Employee Retirement Income Security Act of 1974 (ERISA),29 U.S.C. § 1001 et seq.
The Union is an entity wholly separate from the Welfare Plan. It does not regulate or administer the Plan and does not pay any benefits of the kind paid by the Plan.
According to an affidavit in the record, the third named defendant, Local Unit of Seafarers' International Union of North America, is non-existent.
In her brief on appeal, Dixon concedes that there is no liability on the part of the Union and the Local Unit.
The issue on appeal is whether state common law contract and tort claims are preempted by ERISA. This question was recently addressed by the United States Supreme Court in Pilot LifeInsurance Co. v. Dedeaux, ___ U.S. ___, 107 S.Ct. 1549,95 L.Ed.2d 39 (1987). In that case, the plaintiff, through state common law contract and tort actions, sought damages for failure to provide benefits under an insurance policy governed by ERISA, damages for mental and emotional distress, and punitive damages for bad faith. The U.S. Supreme Court held that state common law causes of action claiming benefits under an employee benefit plan regulated by ERISA are preempted by ERISA, and that the *Page 55 
proper recourse is to utilize the civil enforcement provisions of ERISA, § 502(a). See 29 U.S.C. § 1132(a).
Based on the foregoing, we hold that Dixon's claims are preempted by ERISA. Accordingly, the summary judgment for defendants as to count two is affirmed, and the summary judgment for Dixon as to count one is reversed and judgment rendered for the defendants.
85-128, AFFIRMED.
85-63, REVERSED AND RENDERED.
JONES, SHORES, ADAMS and HOUSTON, JJ., concur.