The sole question presented on this appeal is whether the plaintiff's claim is preempted by the provisions of the Employee Retirement Income Security Act of 1974, § 502(a), 29 U.S.C.A. § 1132(a).
 This is the second time this case has been before us. See Hood v. Prudential Ins. Co. of America, 460 So.2d 1227 (Ala. 1984).
 Myra Hood was first employed by Courtaulds North America, Inc., in 1964. She was discharged in 1979 because of alleged unexplained absences and because of a longstanding problem with job performance. Subsequent to her discharge, Hood sued Courtaulds for workmen's compensation benefits. Thereafter, she amended her complaint to include Prudential Insurance Company of America and an entity of the Employee Retirement Income Security Act (ERISA) called the "Plan." Hood also amended to add Provident Life and Accident Insurance Company. Courtaulds and Provident were dismissed and are not parties to this appeal. Hood sued Prudential and the "Plan" for breach of contract and bad faith refusal to pay an insurance claim; her claims were based on a group long-term disability policy issued by Prudential to Courtaulds for the benefit of its employees. This Court, on the first appeal, held that Hood's claims were not preempted by the provisions of ERISA. Hood, 460 So.2d 1227, supra.
 The parties agree that the two issues presented by the appeal are whether the trial court erred in (1) granting appellee Prudential's motion to strike the claim for punitive damages and the jury demand in her bad-faith-failure-to-pay claim, and (2) granting summary judgment in favor of both appellees on the merits of Hood's claim for benefits (the contract claim).
 This Court's decision in Hood I, that the bad faith claim was not preempted, would be controlling but for the fact that, after we decided Hood I, the Supreme Court of the United States, in two cases, decided to the contrary; see Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), and Pilot Life Ins. Co. v. Dedeaux, 481 U.S. ___, 107 S.Ct. 1549, 95 L.Ed.2d 39
(1987). In Seafarers' Welfare Plan v. Dixon, 512 So.2d 53
(Ala. 1987), we followed those two decisions.
 The judgment of the trial court is due to be affirmed on the authority of this Court's decision in Seafarers' Welfare Plan v. Dixon, following Russell and Dedeaux.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.