MADDOX, Justice.
The dispositive question on appeal is whether the plaintiff’s claim is preempted by the provisions of the Employee Retire *215 ment Income Security Act of 1974, § 502(a), 29 U.S.C.A. § 1132(a).
John B. Landy, a former employee of Morrisons, Inc., filed suit against Morri-sons, Inc., Provident Life and Accident Insurance Company, and Travelers Insurance Company. This appeal, however, involves only Landy’s cause of action against Travelers Insurance Company.
In his original complaint, Landy alleged that Travelers failed to satisfy a long-term disability insurance policy obligation pursuant to Morrisons’ contract with Travelers. Landy amended his complaint to claim damages for mental anguish arising from the alleged breach of contract by Travelers. Travelers filed a successful motion in li-mine, which precluded Landy from introducing evidence of mental anguish.
The jury returned a verdict in favor of Landy against Morrisons, Inc., for $20,-942.00. The jury also returned a verdict in favor of Travelers. Landy appeals from a judgment for Travelers based on that verdict.
Landy argues that he was entitled to a judgment, as a matter of law, because Travelers failed to notify him of the termination of his insurance coverage. He further contends that the trial court erred in granting Travelers’ motion in limine, which prohibited him from showing or arguing to the jury that he had suffered mental anguish as a result of Travelers’ actions.
Travelers takes the position that its judgment on Landy’s claim of breach of contract is due to be affirmed because that claim is preempted by ERISA. We agree.
The United States Supreme Court recently held in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), that state common law causes of action claiming benefits under an employee benefit plan regulated by ERISA are preempted by ERISA, and that the proper recourse is to employ the civil enforcement provisions of ERISA, § 502(a). See 29 U.S. C. § 1132(a). See also Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).
In Seafarers’ Welfare Plan v. Dixon, 512 So.2d 53 (Ala.1987), and Hood v. Prudential Ins. Co. of America, 522 So.2d 265 (Ala.1988), this Court followed those two decisions of the Supreme Court of the United States.
It is clear from the record that the benefits sought by Landy come from an employee welfare benefit program regulated by ERISA. Accordingly, the judgment of the trial court is due to be affirmed on the authority of this court’s recent decisions in Hood v. Prudential Ins. Co. of America, and Seafarers’ Welfare Plan v. Dixon.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.