PER CURIAM.
The sole question presented is whether the appellant alleged a right of recovery under the Employee Retirement and Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., before summary judgment was entered against him by the trial court. Appellees contend that appel *481 lant did not present his ERISA claim in the trial court but argues it for the first time on appeal. After an examination of appellant’s complaint, and specifically his state law contract claim, we are of the opinion that appellant did allege sufficient facts to entitle him to pursue an ERISA claim. Count three of the complaint reads:
“1. On or about the 1st day of November, 1983, plaintiff Percy D. Culber-son, Jr., entered into an agent’s contract with defendant Bankers Life which entitled plaintiff to coverages under the benefit program for agents of Bankers Life.
“2. That due to the plaintiff’s previous service with Bankers Life and the service under the instant agreement the plaintiff had as of June 1986, over ten (10) years of service and was at least 57 years of age so that as of June 1986 the plaintiff was not required to achieve certain levels of commissions and/or earnings in order to continue the agent’s contract by and between plaintiff and Bankers Life.
“3. That notwithstanding the status of plaintiff P.D. Culberson’s relation to the contract with Bankers Life and the entitlement of P.D. Culberson, Jr., pursuant to said contract to participate in the benefit program of agents of Bankers Life, Bankers Life by and through its duly authorized officers and agents, terminated on June 6, 1986, plaintiff’s entitlement to group benefits and terminated the plaintiff’s agent’s contract with defendant Bankers Life on the strength of the recommendation of the agency manager, Phillip L. Ward, [for] which he gave as grounds of termination the fact that the plaintiff was licensed with other companies and had not achieved production minimums when in fact other agents of Bankers Life were in fact licensed with other companies and the plaintiff P.D. Culberson was as of June 1986, relived [sic] of production levels due to the length of service with defendant Bankers Life.
“4. That subsequent to June 1986, defendant Bankers Life took the position that plaintiff’s entitlement to group benefits was terminated which carried with it medical coverage, life insurance coverage, spousal pension entitlement, and entitlement of the plaintiff to pension payments which position continues through the date of this Complaint and defendant Bankers Life has continued to assert the position that the plaintiff’s vested rights to pension, medical coverage, life insurance coverage and spousal pension are waived due to the termination of the plaintiff’s agency contract unless the plaintiff takes early retirement as of June 30, 1986 and this position of the defendant Bankers Life continued through July 28, 1986 when an officer and agent of Bankers Life submitted to the plaintiff that benefits were not and would not be available to the plaintiff for medical, life and pension unless and until the plaintiff agreed to take ‘early retirement’ effective June 30, 1986.
“[5]. That the actions of defendant Bankers Life in compelling or attempting to compel the plaintiff to accept an unwarranted, unfounded, intentional and malicious interference with the plaintiff’s ability to pursue his profession as an agent of defendant Bankers Life as a condition of qualifying for ‘early retirement’ which would in turn qualify the plaintiff as per the interpretation of defendant Bankers Life for pension benefits, medical benefits and life insurance benefits for which the plaintiff was otherwise entitled due to length of service with the defendant Bankers Life, constitute an unwarranted, malicious, intentional and bad faith denial of insurance benefits due the plaintiff as insured pursuant to the welfare plan of the defendant Bankers Life as insurer, which bad faith denial of benefits has proximately resulted in the loss by the plaintiff of pension benefits otherwise vested in the amount of approximately $185.00 per month plus medical coverage, spousal pension benefits of in [sic] the amount of approximately $100.00 per month, and life insurance coverages.
“[6]. The [action] of defendant Bankers Life in attempting to compel the plaintiff to accept early retirement rather *482 than to contest the unwarranted dismissal of the plaintiff as a full-time agent of defendant Bankers Life when done at a point in time in the plaintiffs life in which the. plaintiff is 61 years of age, was done knowingly and with intent to deprive the plaintiff of benefits available to the plaintiff pursuant to the benefit program of the defendant Bankers Life to which the plaintiff was vested and was done in bad faith to deprive the plaintiff of the said benefits and future earnings and/or commissions to be received pursuant to the agent’s contract.
“WHEREFORE, plaintiff demands judgment against defendant Bankers Life in the sum of Two Million and . 00/100th ($2,000,000.00) as compensatory and punitive damages for the bad faith refusal of benefits to which the plaintiff is entitled plus interest and costs.”
This dispute between the parties over the ERISA claim apparently grew out of the decision of the Supreme Court of the United States in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In that case, the Supreme Court held that state common law tort and contract claims for failure to provide employee benefits are preempted by ERISA. Bankers Life, in its brief, argues:
“The basis of appellant’s argument is that because the United States Supreme Court decided Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), while the appellees’ motion for summary judgment was under submission, the appellant should be provided the opportunity to assert preemption and begin anew under ERISA. Appellant’s brief, pp. 9-10. Appellant fails to note however, that the only count of the complaint alleging a wrongful denial of benefits, count three, was dismissed by the trial court on appellees’ motion to dismiss on November 5, 1986. The decision in Pilot Life, supra, was not issued until April 6, 1987. Furthermore, the appellees’ motion for summary judgment was taken under submission by the trial judge on March 27, 1987, also prior to the Court’s decision in Pilot Life. More importantly, at no time subsequent to the Pilot Life decision and prior to the argument on appeal did the appellant raise any argument that he was entitled to pursue claims under ERISA.”
It appears, however, that Bankers Life, not Culberson, presented the Pilot Life decision and this Court’s decision in Seafarer’s Welfare Plan v. Dixon, 512 So.2d 53 (Ala.1987), to the trial court and did so in support of its motion for summary judgment. While we do not know what ground the trial court used to dismiss Culberson’s count three, we are of the opinion that this cause should be remanded to the trial court to allow Culberson to amend to assert more specifically a claim under ERISA. The effect of the trial court’s dismissal, if affirmed, would be to preclude Culberson from asserting a claim under federal law, which has preempted the field. Because of that fact, the judgment of the trial court is reversed and this cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
HOUSTON and STEAGALL, JJ., dissent.